

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### WR-40,541-04

### EX PARTE MICHAEL DEAN GONZALES

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. D-23,730 IN THE 358TH DISTRICT COURT
### ECTOR COUNTY

*Per curiam.* YEARY, J., *filed a dissenting opinion, in which* ALCALA, J., *joined.* NEWELL, J., *not participating.*

### O R D E R

This is a subsequent application for writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

Applicant was originally convicted of the offense of capital murder in 1995. The jury answered the special issues submitted under Article 37.071, TEX. CODE CRIM. PROC., and the trial court, accordingly, set punishment at death. This Court affirmed applicant's

conviction and sentence on direct appeal. *Gonzales v. State,* No. AP-72,317 (Tex. Crim. App. June 3, 1998). This Court denied relief on applicant's post-conviction application for writ of habeas corpus. *Ex parte Gonzales*, No. WR-40,541-01 (Tex. Crim. App. March 10, 1999).[1] Applicant's federal petition for habeas corpus relief was denied as to his conviction but granted as to punishment, and the case was remanded for a new punishment hearing. *Gonzales v. Cockrell,* No. MO-99-CA-073 (W. D. Tex. December 19, 2002). The United States Court of Appeals for the Fifth Circuit affirmed the federal district court's judgment. *Gonzales v. Quarterman,* 458 F.3d 384 (5th Cir. 2006).

The trial court held a new punishment hearing in May 2009. Based on the jury's answers to the special issues, the trial court sentenced applicant to death on May 7, 2009. On May 8, 2009, the trial court determined that applicant was indigent and asked whether he desired the appointment of counsel for the purpose of filing an application for writ of habeas corpus. Applicant stated that he wanted no appeals filed on his behalf and no attorneys appointed. Because direct appeal cannot be waived, the trial court appointed counsel to represent applicant on direct appeal. For the purpose of Article 11.071, the trial court found that applicant was proceeding *pro se* on habeas.

This Court affirmed the judgment and sentence on direct appeal. *Gonzales v. State,* 353 S.W.3d 826 (Tex. Crim. App. 2011). When applicant failed to timely file a post-conviction application for writ of habeas corpus, this Court issued an order stating in

---

[1] Applicant also filed a freestanding motion for stay of execution. *See Ex parte Gonzales,* No. WR-40,541-02. This Court denied that motion on January 11, 2001.

pertinent part:

> Because of applicant's expressed desire to waive habeas, the lack of any vacillation of that waiver appearing in the record, and applicant's failure to timely file an application, we hold that applicant has waived his right to the review of an initial Article 11.071 habeas application. Any writ application filed hereafter by applicant or on applicant's behalf will be labeled a subsequent application and reviewed under Article 11.071 § 5.

*Ex parte Gonzales,* No. WR-40,541-03 (Tex. Crim. App. November 10, 2010).

The record reflects that applicant is currently challenging his conviction in Cause No. 7:12-cv-00126, styled *Michael Dean Gonzales v. Rick Thaler,* in the United States District Court for the Western District of Texas, Midland Division. The record also reflects that the federal district court entered an order staying its proceedings for applicant to return to state court to consider his current unexhausted claims. Applicant thereafter filed the instant post-conviction application for writ of habeas corpus in the trial court on September 9, 2014.

Applicant presents four allegations in the instant application. We have reviewed the application and find that applicant has failed to satisfy the requirements of Article 11.071, § 5(a). Accordingly, we dismiss the application as an abuse of the writ without considering the merits of the claims.

IT IS SO ORDERED THIS THE 3rd DAY OF JUNE, 2015.

Publish